THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

FILED

CENTRAL DIVISION U.S. DISTRICT COURT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* 2005 OCT 28 \*A\*10\* 55 \* \* \* \* \* \*

| | | |
|---|---|---|
| RICHELLE'S SHOES. L.L.C., dba BRIYANTI'S | ) | DISTRICT OF UTAH<br>Case No. 2:05CV00266 DS |
| Plaintiff, | ) | BY: _____<br>DEPUTY CLERK |
| vs. | ) | MEMORANDUM OPINION |
| ESTELLE KEVITCH and BRIYANTI'S JEWELRY, L.L.C., | ) | AND ORDER |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Defendant Kevitch once managed Briyanti's, a jewelry store owned by Plaintiff. It is alleged that Kevitch organized for herself another entity called Briyanti's Jewelry, L.L.C. for the purpose of deceiving Plaintiff's customers and vendors. Along with seven pendent state law claims, Plaintiff claims "common law trademark rights" in the name Brianti's. Second Am. Compl. ¶ 43.

Defendants have moved to dismiss Count I of Plaintiff's Second Amended Complaint for common law trademark infringement under § 43 (a) of the Lanham Act, 15 U.S.C.A. § 1125(a), because the facts alleged by Plaintiff do not establish a Lanham Act cause of action. Specifically, Defendants urge that the Complaint "does not allege any use of Briyanti's as a trademark in connection with any

designation, offer, or advertisement for goods and services." Mem. Supp. p. 4.

## II. MOTION TO DISMISS STANDARD

When a motion to dismiss is filed, the burden is on the movant to prove that the non-movant can prove no set of facts in support of his claim which would entitle him to relief. Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318 (10th Cir. 1985), cert. denied, 475 U.S. 1044 (1986); Conley v. Gibson, 355 U.S. 41 (1957). The court is to presume for purposes of considering the motion that all allegations by the non-movant are true and all reasonable inferences are made in favor of the non-movant. Lafoy v. HMO Colorado, 988 F.2d 97 (10th Cir. 1993); Miree v. DeKalb County, 433 U.S. 25 (1977). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. Mitchell v. King, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). The likelihood that the plaintiff may or may not prevail at trial is immaterial at the time of decision on a motion to dismiss. Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759 (5th Cir. 1984).

## III.  DISCUSSION

Defendants argue that  the Second Amended Complaint fails to state a claim upon which relief can be granted because although it

" alleges supposed misrepresentations and resulting confusion about the ownership of Briyanti's[,] [i]t does not allege any use of Briyanti's as a trademark in connection with any designation, offer, or advertisement for goods and services."  Mem. Supp. at 4.

The Lanham Act provides a cause of action against any party who:

> in connection with any goods or services ... uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which-
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities ...

15 U.S.C. § 1125(a)(1).   This section is remedial in nature and is to be broadly construed.  *Geisel v. Poynter Products Inc.*, 283 F. Supp. 261, 267 (S.D. N.Y. 1968); *PBX Enterprises, Inc., v. Audiofidelity, Inc.*, 746 F.2d 120, 124 (2d Cir. 1984). "The key inquiry in a trademark infringement case is the likelihood of confusion between two similar marks."  *Team Tires Plus, LTD. v. Tires Plus, Inc.*, 394 F.3d 831, 832 (10th Cir. 2005).

The Complaint contains the following factual allegations which under the applicable standard of review can be viewed as alleging, in essence, that Defendants are causing confusion with regard to the commercial activities of Briyanti's with those of Briyanti's Jewelry, L.L.C. in connection with goods and services.

> Kevitch own and controls the business and formed it for purposes of continuing to sell jewelry in interstate commerce under the trademark Briyanti's after her "retirement".
>
> Kevitch has continued to do business under the name "Briyanti's" through Briyanti's Jewelry, L.L.C., at least as of May 2005 and likely, until the present date.
>
> By representing ... that she was the owner of Briyanti's to the Jewelry Board of Trade, Ms. Kevitch and Briyanti's Jewelry, L.L.C. have confused and deceived vendors and/or customers into doing business ... upon the mistaken belief that it is the same entity as Briyanti's.
>
> Kevitch ... submitted a change of address form with the post office to redirect Briyanti's mail to [her] home address ... to intentionally confuse and deceive vendors, customers, and/or others who have a business relationship with Briyanti's into thinking that Briyanti's Jewelry, L.L.C. is the same entity as Briyanti's.
>
> Kevitch and Briyanti's Jewelry, L.L.C. are unlawfully using one or more email accounts belonging to Briyanti's ... confusing and deceiving vendors, customers, and/or others with business relationships with Briyanti's into thinking the Briyanti's Jewelry, L.L.C. is the same entity as Briyanti's.
>
> Kevitch has answered and may continue to answer her home telephone number as "Briyanti's", representing ... to persons who call her residence that she is operating Briyanti's.
>
> [A] customer of Briyanti's contacted Ms. Kevitch to purchase a diamond, believing that Ms. Kevitch's new

business Briyanti's Jewelry, L.L.C. was the same entity
as Briyanti's.

Second Am. Compl. pp. 8-14.  Although appearing somewhat tenuous, because Plaintiff's allegations can be read as being "in connection with goods or services", the Court, for purposes of the present Motion to Dismiss, concludes that Defendants have failed in their burden as the moving parties to show that Plaintiff has failed to plead sufficient facts to state a claim for trademark infringement.

## IV.   CONCLUSION

Having failed its burden of proof and persuasion as set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **DENIED**.


DATED this _26^F_ day of _October_, 2005.

BY THE COURT:


DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5